Behlow Estate Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 12670.   Promulgated July 16, 1928.

*D. L. Beard, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

OPINION.

MILLIKEN: A stockholder of petitioner was desirous of selling his capital stock and petitioner, after consideration, decided to purchase the same upon the terms and conditions set forth in the findings of fact. The petitioner was to cancel the indebtedness of the seller, transfer to him certain stocks and bonds owned by it, pay $10,000 in cash, and give a promissory note for the balance due. The stock and bonds that figured in the transaction had been purchased by petitioner subsequent to March 1, 1913, at a cost of $42,-100.50, and were sold to H. F. Behlow for a consideration of $32,211. The difference of $9,889.50 the petitioner seeks to deduct as a loss, resulting from the sale.

Counsel for respondent contends that this case is governed by the proposition that a corporation can realize neither gain nor loss in the purchase of its own capital stock and relies in support thereof on the decision in the appeals of *Simmons & Hammond Manufacturing Co.*, 1 B. T. A. 803; *Farmers & Merchants State Bank*, 2 B. T. A. 130; *Farmers Deposit National Bank*, 5 B. T. A. 520; *H. S.*

*Crocker Co.*, 5 B. T. A. 537; and A. R. R. 693, Cumulative Bulletin No. 5, p. 207.

The cases relied upon are not authority for the position taken. This is not a case of a gain or loss realized or sustained by a corporation in the purchase of its own capital stock or gain or loss resulting from the purchase by or within an affiliated group of corporations. Petitioner seeks to take a loss represented by the difference between the cost of the stocks and bonds in question and the sale price thereof. The stock of petitioner is not in question nor a gain or loss resulting from the purchase thereof. In the appeal of *Simmons & Hammond Manufacturing Co.*, *supra*, the petitioner had purchased its own capital stock and endeavored to take a loss on the subsequent sale of the same. We held that to be a capital transaction that did not result in a realized loss. Here the petitioner is not seeking such a loss but rather one that resulted from the sale to Behlow of stocks and bonds of other corporations for less than cost. The fact that the stocks and bonds were to be applied to the extent of their then value in payment of the purchase price of its own stock does not make the same a capital transaction from which neither gain nor loss may result. Cf. *Callanan Road Improvement Co.*, 12 B. T. A. 1109.

The good faith of the transaction is not involved, nor do we have the question of a transaction having to do with a partial or complete liquidation or dissolution. What we would do if such questions were involved need not be here decided.

Petitioner is entitled to the loss as claimed.

*Judgment will be entered under Rule 50.*